IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | CRIMINAL NO. 6:10-cr-00054-LED-JDL |
| | § | |
| | § | |
| NATHAN LEE HOGAN | § | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On March 16, 2015, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant. The government was represented by Tom Gipson, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk.

On July 6, 2011, Defendant Nathan Lee Hogan was sentenced before U.S. District Judge Leonard Davis after pleading guilty to the offense of Possession of a List 1 Chemical, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The United States Sentencing Guideline range, based on a total offense level of 32 and a criminal history category of I, was 121 to 151 months. Defendant was sentenced to 60 months imprisonment and 3 years supervised release, subject to the standard conditions of release, plus special conditions including, in pertinent part, that Defendant shall: 1) refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; and 2) participate in any combination of psychiatric, psychological, or mental health treatment as deemed appropriate by the treatment provider. On December 31, 2014, Defendant completed the term of imprisonment and began his period of supervised release.

1

In its petition, the government alleges in pertinent part that Defendant violated the terms of supervised release when Defendant: 1) submitted a urine specimen testing positive for methamphetamine on January 12, 2015, and admitted to using methamphetamine on January 9 and January 10, 2015; 2) submitted a urine specimen testing positive for methamphetamine on February 3, 2015, and admitted to using methamphetamine on January 30 and January 31, 2015; and 3) failed to attend mental health treatment on January 20, 2015. Based on Fifth Circuit case law, the Court can find that illicit drug use constitutes possession. Therefore, should the Court find that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will be in violation of Texas Health and Safety Code §481.115, and be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a)(1) indicates that upon a finding of a Grade B violation, the Court shall revoke a term of supervision. Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade B violation is 4 to 10 Months. U.S.S.G. § 7B1.4(a).

At the March 16, 2015 hearing, Defendant pled true to the allegations above. The government recommended that Defendant Nathan Lee Hogan be committed to the Bureau of Prisons for 9 months at FCI Fort Worth with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Nathan Lee Hogan be committed to the custody of the Bureau of Prisons for 9 months at FCI Fort Worth with no supervised release to follow.

Defendant has waived his right to object to the findings of the Magistrate Judge in this matter so the Court will present this Report and Recommendation to U.S. District Judge Leonard Davis for adoption immediately upon issuance.

**So ORDERED and SIGNED this 18th day of March, 2015.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE